UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES ANTHONY ROBIDOU,

    Plaintiff,

v.                                                    Case No. 8:17-cv-1914-T-AEP

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.
                                         /

## **ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 266-70). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 153-54). Plaintiff then requested an administrative hearing (Tr. 212-13). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 36-55). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 15-30). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-3). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1976, claimed disability beginning April 1, 2013 (Tr. 266). Plaintiff obtained a high school education (Tr. 41). Plaintiff's past relevant work experience included work as a truck driver and parts clerk (Tr. 41-42). Plaintiff alleged disability due to right arm ulnar nerve damage, slip disc in neck, anxiety, depression, left knee problem, and carpel tunnel in the left wrist (Tr. 129).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2015 and had not engaged in substantial gainful activity since April 1, 2013, the alleged onset date (Tr. 20). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine; degenerative joint disease of the knees bilaterally; reflex syndrome dystrophy of the right upper extremity; and mental impairments variously diagnosed to include depressive disorder and anxiety disorder (*id.*). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 22). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work, except frequently pushing and pulling with the right upper extremity; frequently climbing ramps and stairs; occasionally climbing ladders, ropes, and scaffolds; frequently stopping, crouching, bending, and crawling; frequently handling and engaging in gross manipulation; a crane to ambulate; must work in an environment with no more than a moderate noise level (such as a normal office setting); limited to simple unskilled tasks learned in less than 30 days with minimal change in task as assigned; contact limited to occasional with coworkers and supervisors and only rare contact with the public; and assigned work must not be performed as

a member of a team or crew (Tr. 24). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 26).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 28). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a laundry classifier, router, and small parts assembler (Tr. 29). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 30).

**II.**

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review,

further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ, in part, decides Plaintiff's claim pursuant to Regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These Regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the Regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.

Plaintiff argues that the ALJ erred by concluding that the Plaintiff could perform specific jobs classified as light, which was inconsistent with the RFC findings. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

### A. Other Work

At step five of the sequential evaluation process, the Commissioner must consider the assessment of the RFC combined with the claimant's age, education, and work experience to determine whether the claimant can make an adjustment to other work. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work, a finding of not disabled is warranted. *Phillips*, 357 F.3d at 1239. Conversely, if the claimant cannot make an adjustment to other work, a finding of disabled is warranted. *Id.* At this step, the burden temporarily shifts to the Commissioner to show other jobs exist in significant numbers in the national economy which, given the claimant's impairments, the claimant can perform. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citation omitted); *see Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson*, 284 F.3d at 1227 (citation omitted).

There are two avenues by which an ALJ may determine a claimant's ability to adjust to other work in the national economy; namely, by applying the Medical Vocational Guidelines ("Grids") and by the use of a VE. *Phillips*, 357 F.3d at 1239-40. Typically, where the claimant cannot perform a full range of work at a given level of exertion or where the claimant has non-exertional impairments that significantly limit basic work skills, the preferred method of demonstrating the claimant can perform other jobs is through the testimony of a VE. *Jones*, 190 F.3d at 1229. Indeed, exclusive reliance on the Grids is not appropriate under either of those circumstances. *Phillips*, 357 F.3d at 1242. "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the

claimant's impairments." *Yates v. Comm'r of Soc. Sec.*, 706 F. App'x 588, 594 (11th Cir. 2017) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).

After careful consideration of the entire record, the ALJ found that the Plaintiff had the RFC to perform sedentary work except frequently pushing and pulling with the right upper extremity; frequently climbing ramps and stairs; occasionally climbing ladders, ropes, and scaffolds; frequently stopping, crouching, bending, and crawling; frequently handling and engaging in gross manipulation; a crane to ambulate; must work in an environment with no more than a moderate noise level (such as a normal office setting); limited to simple unskilled tasks learned in less than 30 days with minimal change in task as assigned; contact limited to occasional with coworkers and supervisors and only rare contact with the public; and assigned work must not be performed as a member of a team or crew (Tr. 24). The Plaintiff does not challenge the ALJ's RFC finding of limited sedentary work (Tr. 7-11). Instead, the Plaintiff's sole contention is that the ALJ's articulation of light jobs is not supported by substantial evidence, as the RFC supports a reduced range of sedentary jobs (Tr. 6-11). "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson*, 284 F.3d at 1227 (citation omitted). Here, the ALJ only articulated light jobs in its opinion: laundry classifier, router, and small parts assembler (Tr. 29). The RFC limited the Plaintiff to a range of sedentary work, so the Plaintiff would not be able to perform the specific jobs articulated by the ALJ. Thus, the ALJ erred by failing to articulate jobs that the Plaintiff would be able to perform.

However, the Court finds that the ALJ's error is harmless. "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Yates*, 706 F. App'x at 594 (citing *Crawford*, 363 F.3d at 1161). The Plaintiff does not contend that the ALJ failed to pose a complete hypothetical

comprising all of the claimant's impairments (Tr. 7-11). In the second hypothetical, the ALJ restricted the hypothetical to include the Plaintiff's non-exertional limitations with a sedentary exertional level (Tr. 52). The VE listed the following jobs available in significant numbers in the national economy that the Plaintiff could perform consistent with the RFC: dowel inspector, final assembler, and document preparer (Tr. 52-53). Further, the VE testified that the need for a cane would not affect the Plaintiff's ability to perform this work. *Id.*

Here, the ALJ's finding that the Plaintiff retained the ability to perform jobs available in the national economy is supported by substantial evidence, including the VE's testimony. Though the ALJ erred by not specifically articulating the sedentary jobs in the ALJ's opinion, the Plaintiff failed to meet his burden of showing that the error is harmful, as there is work available for him to perform. *See, e.g.*, *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (stating that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"); *American Airlines, Inc. v. Department of Transp.,* 202 F.3d 788, 797 (C.A.5 2000) (declining to remand where appellant failed to show that error in administrative proceeding was harmful). The ALJ's error did not ultimately affect the disability determination, as the Plaintiff can make an adjustment to other work. *See, e.g.*, *Phillips*, 357 F.3d at 1239 (holding that, if a claimant can make an adjustment to other work, a finding of not disabled is warranted); *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that an ALJ's mischaracterization of a plaintiff's past work was harmless error when the mistake did not affect the ultimate outcome of the disability determination); *Cooper v. Astrue*, 373 Fed. Appx. 961, 962 (11th Cir. 2010) (per curiam) (citing *Diorio*, 721 F.2d at 728) (stating that an error is harmless when it does not prejudice a claimant).

Courts have declined to remand when it would merely amount to a "wasteful corrective exercise" or an "idle and useless formality." *Ware v. Schweiker,* 651 F.2d 408, 412–13 (5th Cir.

Unit A 1981); *N. L. R. B. v. Wyman-Gordon Co.*, 394 U.S. 759, 766, 89 S. Ct. 1426, 1430, 22 L. Ed. 2d 709 (1969). Here, remand would also be futile because it would not alter the ALJ's finding of no disability and the record supports the availability of jobs in significant numbers in the national economy that the Plaintiff can perform. Thus, this Court finds that the ALJ's error was harmless and a reversal and remand would amount to a waste of judicial and administrative resources.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 20th day of November, 2018.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record